# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 2, 2016
No. 13-371V

```
* * * * * * * * * * * *  *
TRACY MCDONALD as representative   *
of the estate of SHELLY            *
CRANE-MCDONALD deceased,           *
                                   *      UNPUBLISHED
              Petitioner,          *
                                   *
v.                                 *      Special Master Gowen
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * *  *
```

Peter J. Sarda, Creech Law Firm, Raleigh, NC, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 3, 2013, Shelly Crane-McDonald filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). After Ms. Crane-McDonald's death, her spouse, Tracy McDonald ("petitioner") filed an amended petition as the legal representative of Ms. Crane-McDonald's estate. Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 20, 2011, Ms. Crane-McDonald developed a demyelinating disorder, and that Ms. Crane-McDonald's death was the sequela of her alleged vaccine-related injury. Stipulation at Preamble, ¶¶ 2, 4.  On November 17, 2016, the parties filed

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding petitioner compensation pursuant to the terms of the parties' stipulation was issued that same day.

On December 1, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $50,470.00 in attorneys' fees and $13,289.31 in attorneys' costs, for a total of $63,759.31 in attorneys' fees and costs. Petitioner's ("Pet.") Motion ("Mot.") at 2. Pursuant to General Order #9, petitioner's counsel states that petitioner did not incur any expenses in the prosecution of this claim. Id. The motion states that respondent does not object to the overall amount sought, but that "[r]espondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Pet. Mot. at 2; Pet. Mot. Supplement at 9.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioners' request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** **A lump sum of $63,759.31, payable jointly to petitioner and petitioner's counsel, Peter J. Sarda, of Creech Law Firm, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

> **s/ Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.